[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12737

Non-Argument Calendar

_____

MICHAEL MEYERS,

                                                      Petitioner-Appellant,

_versus_

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                      Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cv-00460-PGB-PRL

2                     Opinion of the Court                     22-12737

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Meyers, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We granted a certificate of appealability ("COA") as to the following issue: "Did Meyers' trial counsel provide ineffective assistance, under *Strickland v. Washington*, 466 U.S. 668 (1984), by conceding Meyers' guilt as to the theft charge during closing arguments?" However, the majority of Meyers' brief argues that counsel was ineffective for conceding to a trespass charge and he only mentions the theft charge one time, in passing.

When evaluating a district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact *de novo,* and findings of fact for clear error. *Tanzi v. Sec'y, Fla. Dep't of Corr.*, 772 F.3d 644, 651 (11th Cir. 2014).

The scope of review in a habeas appeal is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998). Documents filed by *pro se* litigants are to be liberally construed and must be held to less stringent standards than documents drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, liberal treatment of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to

rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). An appellant abandons any argument not briefed before us, made in passing, or raised briefly without supporting arguments or authority. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, most of Meyers' brief is beyond our review because it does not address the issue specified in the COA. *Murray*, 145 F.3d at 1250. We granted a COA as to the following issue only: "Did Meyers' trial counsel provide ineffective assistance, under *Strickland* . . . by conceding Meyers' guilt as to the theft charge during closing arguments?" However, the majority of Meyers' brief argues that counsel was ineffective for conceding to the trespass charge and he only mentions the theft charge one time, in passing. And, in that instance, Meyers makes no argument regarding the theft charge but, instead, simply quotes counsel's language from closing argument. Although we liberally construe Meyers' arguments, we cannot serve as *de facto* counsel to rewrite the deficiencies in his pleadings. *Estelle*, 429 U.S. at 106; *Albra*, 490 F.3d at 829; *Campbell*, 760 F.3d at 1168-69. Accordingly, he has abandoned any challenge to the certified question by failing to properly brief it on appeal and we affirm. *Access Now, Inc.*, 385 F.3d at 1330.

**AFFIRMED.**